UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CATHERINE KUR YOMON,<br><br>Plaintiff,<br><br>vs.<br><br>RAWDA KEIR,<br><br>Defendant. | 4:20-CV-04042-KES<br><br><br>ORDER |

    Plaintiff, Catherine Kur Yomon, filed a pro se lawsuit alleging that defendant, Rawda Keir, violated her civil rights by publishing untrue statements about her on social media. Docket 1 at 3. She checked the box on the complaint form indicating that Keir is a state or local official. *Id.* The complaint, however, does not allege any fact to show that Keir was elected or employed by a state or local government. The complaint also alleges that Kur Yomon is a resident of Sioux Falls, South Dakota and Keir is a resident of Omaha, Nebraska. *Id.* at 2. But the complaint does not specify an amount of monetary damages that Kur Yomon is seeking as relief. *See id.* at 5.

    Federal district courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation omitted). Federal district courts may not exercise jurisdiction absent a statutory basis. *Id.* Lack of subject-matter jurisdiction cannot be ignored by the court or waived by the parties. *Hunter v. Underwood*, 362 F.3d 468, 476 (8th

Cir. 2004). A question of subject-matter jurisdiction may be raised by the court *sua sponte* at any time. *Lundeen v. Canadian Pac. Ry. Co.*, 447 F.3d 606, 611 (8th Cir. 2006).

Federal question jurisdiction is recognized in 28 U.S.C. § 1331, which provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, the complaint alleges that this court has jurisdiction based on federal question jurisdiction—namely, that Keir is liable under 42 U.S.C. § 1983. For a defendant to be liable under § 1983, a plaintiff must show the defendant acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia[.]" 42 U.S.C. § 1983. But the complaint does not allege that Keir was employed by or acting on behalf of a state or local government when she allegedly published untrue statements on social media. Therefore, the complaint as filed is not sufficient to establish subject-matter jurisdiction based on 28 U.S.C. § 1331.

Congress has also conferred original jurisdiction to federal district courts over civil actions where the amount in controversy exceeds $75,000 and where the matter is between citizens of different states. 28 U.S.C. § 1332. While the complaint alleges diversity of citizenship, it does not allege that the matter in controversy exceeds $75,000.

Because the court is raising the issue of subject-matter jurisdiction *sua sponte*, the court will give Kur Yomon 21 days to amend her complaint to allege sufficient facts to establish that this court has jurisdiction over this matter. A

failure to amend will result in the court entering an order of dismissal of this matter without prejudice.

Thus, it is ORDERED that Kur Yumon has 21 days from the filing of this order to amend her complaint to allege sufficient facts to establish that this court has subject-matter jurisdiction over the complaint. Failure to amend will result in this court dismissing Kur Yumon's complaint without prejudice.

Dated July 15, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE